IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 8 2009

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**UNITED STATES OF AMERICA**

VS.   CASE NO. 4:06CR00412 JMM

**DORCAS ESTRADA**

### ORDER

Defendant seeks an extension of time in which to file her 28 U.S.C. § 2255 because she has been unable to obtain transcripts of her sentencing and change of plea hearings (#264).

Because a district court may grant an extension of time to file a motion pursuant to § 2255 only if (1) the moving party requests the extension upon or after filing an actual § 2255 motion, and (2) "rare and exceptional" circumstances warrant equitably tolling the limitations period, the motion would be denied. *See, e.g., Green v. United States*, 260 F.3d 78, 82-83 (2d Cir.2001); *United States v. Cain*, 2008 WL 5423845 (D. Neb. 2008).

However, the Court will construe the motion, when read in conjunction with defendant's October 8, 2008 Application to Proceed In Forma Pauperis and Motion for Transcripts, as a timely § 2255 motion which contends that her Sixth Amendment Rights have been violated based upon her receiving ineffective assistance of counsel at her change of plea and sentencing hearings. *See Morales v. United States*, 304 F.3d 764, 767 (8th Cir.2002). This results in defendant having filed a timely § 2255 motion which can be supplemented at a later date. Defendant should be aware, however, that she can only supplement this § 2255 petition on the grounds of ineffective assistance of counsel at her change of plea and sentencing hearings.

Before this recharacterization can become final, defendant must be, and hereby is, given notice of the recharacterization and an opportunity to withdraw the motion or to amend it so that it asserts any additional § 2255 claims. *Id.*

If the defendant wishes to take advantage of this opportunity, as mandated by *Morales*, and wishes to withdraw her current motion or amend it so as to include any additional § 2255 claims, she must do so, in writing, before the expiration of the deadline for filing her § 2255 petition which is January 28, 2009.[1] If defendant wishes to withdraw this motion, she should be aware that in order to file a timely § 2255 motion, it must be filed on, or before, January 28, 2009.

If defendant wishes the Court to construe her current motion for extension of time as a § 2255 motion, she is directed to file an amended motion, on or before, January 28, 2009, which specifically states how she believes her counsel was ineffective at her change of plea or sentencing hearing.

IT IS SO ORDERED THIS 8 day of  January , 2009.

_____
James M. Moody
United States District Court

---

[1] Under 28 U.S.C. § 2255 the one-year period of limitation which applies to § 2255 petitions runs from the date on which the judgment of conviction becomes final. Defendant's judgment of conviction was entered on January 11, 2008. Defendant had 10 days from that date to file an appeal. *See* Fed. R. App. P. 4(b) (in a criminal case defendant must file notice of appeal within 10 days after entry of judgment). Defendant did not file a direct appeal resulting in her judgment becoming final on January 28, 2008. *See* Fed. R. App. P. 26(a)(2) (it is appropriate when computing to exclude intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). Therefore defendant has up to, and including, January 28, 2009, to file a timely § 2255 motion which should lists the grounds for relief and which can be supplemented only as to those grounds after she receives the necessary transcripts.

On October 20, 2008, the Court denied defendant's request for copies of these transcripts as these hearings had not been transcribed and defendant failed to state with clarity why the Court should pay for the transcriptions. It could be argued that this decision halted defendant's § 2255 efforts which would entitle her to equitable tolling of the one-year time limit. However, if defendant had filed her § 2255 motion stating with specificity how the transcripts would help her case, it would have given the Court a basis for making a decision on whether to have the hearings transcribed at its own expense.